Armanog Dappinian  
      vs.       No. 61692.  
Rachael Sherman

February 25, 1932.

CAPOTOSTO, J. Action in the nature of deceit for false warranty in the transfer of real estate. The jury returned a verdict for the plaintiff in the sum of $1450. The defendant moves for a new trial.

The claim centers around the transfer of a piece of property in Central Falls which originally belonged to one Michael Dillon, who, upon his decease

in 1884, devised a portion of this real estate to his son Charles and the rest to his daughter Elizabeth. The six heirs of Charles Dillon conveyed their inheritance to the plaintiff by deed dated July 7, 1923. The real estate that was devised to Elizabeth came into the possession of one Assad G. Khouri. Trouble now began. A provision in Dillon's will with reference to an alleged right of way came into dispute and was finally settled by the Supreme Court on July 9, 1924, by holding that the provisions in question created an easement appurtenant to the land of Elizabeth rather than a mere personal right in her to cross the land of her brother Charles.

*Khouri* vs. *Dappinian*, 46 R. I. 163.

The plaintiff thereafter, by writ dated October 1, 1924, brought this action against Rachael Sherman, one of the grantors in the deed which stated that the premises were "free from all encumbrances except taxes for the year 1923."

The principal question at issue in this case is whether or not the plaintiff at the time he took the deed from the heirs of Charles Dillon knew, as a fact, of the claim to a right of way across the premises.

The testimony is conflicting and has to be weighed as to its credibility more on the demeanor of the witnesses at the trial than upon the cold words of the record. This Court is of the opinion that the plaintiff and his attorney were acquainted with the exact state of affairs at the time of the conveyance and that in spite of such knowledge they chose to take a chance as to the real legal effect of the then existing conditions. The positive recollection in rebuttal by witnesses for the plaintiff of facts which the same witnesses had substantially testified to in direct examination and had left in the realm of faulty memory does not carry that power of conviction so necessary in sustaining the burden of proof.

The motion for a new trial was heard November 14, 1931. This Court, contrary to its custom, has deferred its decision up to the present time in order to give the parties an opportunity to reach a friendly compromise, but as the respective attorneys have remained inactive and as the Court has been annoyed by a series of printed communications · from the plaintiff himself, which reflect a more or less irrational mind, it must hereafter leave the parties to work out their future in their own way.

Motion for a new trial granted.

For plaintiff: Knauer & Fowler, Uldrich Pettine.

For defendant: Wilson, Lovejoy, Budlong & Clough, Roscoe M. Dexter.